IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,138-01






EX PARTE ANDRA PARNELL SPENCER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-24383 IN THE 159TH DISTRICT COURT


FROM ANGELINA COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in
organized criminal activity and sentenced to twenty-five years' imprisonment after Applicant was
found to be a habitual offender. The 6th Court of Appeals affirmed his conviction. Spencer v. State,
No. 06-05-074-CR, (Tex.App. - Texarkana, delivered December 22, 2005, no pet.). . 

 Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because counsel failed to timely notify Applicant that his conviction had been affirmed, depriving
him of an opportunity to file a pro se petition for discretionary review. The trial court has found
there is nothing in the record to refute this allegation. However, appellate counsel has not submitted
an affidavit and no evidentiary hearing has been conducted.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall require appellate counsel to respond to Applicant's claim of ineffective assistance of counsel
on appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's appellate counsel
informed Applicant that his conviction had been affirmed and, if so, the date and method that
information was provided to Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing a
copy of the judgment entered in this cause, all affidavits and interrogatories or the transcription of
the court reporter's notes from any hearing or deposition, along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the date
of this order. Any extensions of time shall be obtained from this Court. 



Filed: September 13, 2006

Do not publish